[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried on September 29, 1989 in Monroe, Connecticut. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved. There is one child Ronald, Jr., born January 24, 1990, issue of the marriage.
The plaintiff testified that the defendant drank a lot, promised to stop and then kept drinking and smoked marijuana, that she came home one evening, smelled marijuana, and found the defendant with a young woman, and their baby on the floor, that at one party he made a spectacle of himself throwing fruit around, that another time he called the plaintiff's mother to come to the family residence, she came, refused to leave, the police were CT Page 6964 called, and the defendant eventually passed out, that at Jai Alai the defendant got drunk, insisted on driving, went though a red light, was stopped by the police, spit on the police, refused to take a urine test, and was arrested for D.W.I., that he occasionally smoked marijuana before going to work, that he tried counselling, but went only to one session with the counsellor, that they went to a friend's home with their baby, the defendant insisted on staying over night even though the baby had a fever, and that there were problems about the defendant visiting with the baby.
The plaintiff also testified that she wants sole custody of the child, support according to the guidelines, medical insurance for the child, with uninsured expenses split 50-50, COBRA coverage, no alimony, the child to be beneficiary of insurance in the amount of $75,000. She also testified that the defendant should have visitation with the child but did not think the parties could work out the details of such visitation.
The defendant testified the major problem of their early marriage was where they were going to be. They had a condominium in Milford and tried for a long time to find a house. Eventually, they found one in Ansonia which the defendant and his brother bought with money loaned by their father. The plaintiff and the defendant lived on the first floor and the brother lived on the second floor. The brother is not normal, lives alone and requires a great deal of attention. The parties' problems were financial because they did not have enough to meet their expenses. There were many arguments when the plaintiff could not have what she wanted. She was very manipulative. She drank vodka and cranberry juice and became intoxicated on occasions. She smoked marijuana many times. At the Jai Alai incident, the defendant realized he was intoxicated and asked the plaintiff to drive but she would not. That led to his arrest for D.W.I. The defendant never made any money selling illegal substances. The defendant tried to get the plaintiff to go to counsellors but the plaintiff cancelled their appointments. The parties separated on March 23, 1993 as the plaintiff just moved out. The defendant then was served with the divorce papers on March 27, 1993.
The defendant also testified that he wants custody of the child or joint custody, that he has resources to raise the child and is willing to have custodial responsibility, that he wants physical custody and also legal custody, that he will pay support for the child in accord with the guidelines, that he wants a CT Page 6965 release of the lis pendens on the house he and his brother occupy, that he does not want alimony, that if the court orders alimony for the plaintiff, he will pay it but may not agree she is entitled to it.
Both parties were equally at fault for the breakdown of the marriage.
Custody of the child is awarded solely to the plaintiff. The defendant shall pay support for the child in accord with the guidelines.
Both parties shall cover the child with health insurance available through their respective employers and the plaintiff shall have the primary coverage and the defendant shall have secondary coverage. Any uncovered or unreimbursed health expenses secondary coverage. Any uncovered or unreimbursed health expenses shall be divided equally between the parties.
The defendant shall provide for the plaintiff under the COBRA plan, but the cost of such insurance shall be paid by the plaintiff.
The plaintiff shall release the lis pendens placed on the Westfield Avenue property in which the defendant has a one-half interest and the plaintiff is barred from any claim on such property.
Each party shall retain any personal assets in his or her possession including those listed on his or her respective financial affidavits.
Each party shall be responsible for the liabilities listed on his or her respective financial affidavits and shall hold the other party harmless for such liabilities.
The plaintiff shall return to the defendant his water skis.
The defendant shall pay to the plaintiff alimony for five (5) years in the amount of $100 per week to allow the plaintiff to secure a residence for herself and the child and to rehabilitate herself.
The defendant shall have visitation with the child every other weekend commencing Friday at six p.m. through Sunday at seven p.m., CT Page 6966 one day during the week, preferably on Wednesday, on alternate weeks when there is no weekend visitation, from 5:30 p.m. to 7:30 p.m., two weeks during the summer, and on alternating holidays.
The defendant shall return to the plaintiff one-half of the money that was in the joint savings account in the former Mechanics and Farmers Savings Bank which he withdrew and used for his own purposes.
The defendant shall name the child as beneficiary of all life insurance he might have at his place of employment and shall carry a minimal life insurance policy for $75,000 with the child as beneficiary.
Thomas J. O'Sullivan Trial Referee